## BILL NEEDHAM *v.* MARILYN NEEDHAM

5-5363                                   459 S. W. 2d 417

Opinion delivered November 9, 1970

*Sexton, Wiggins & Christian,* for appellant.

*Garner & Parker,* for appellee.

CONLEY BYRD, Justice. The trial court in this divorce case awarded the custody of Marshall Wayne Needham, age 3, to the mother of appellee, Marilyn Needham. In so doing it gave appellee reasonable visitation rights at any and all times but limited the appellant, Bill Needham to every other week-end and on Wednesday from 4:00 to 10:00 P. M. Appellant here contends that the custody should have been awarded to him.

The record shows that the parties were married in 1965 and lived together until July 22, 1969. To this marriage was born Marshall Wayne Needham.

The unfitness of the appellee to have custody is not seriously in dispute. The record is replete with indiscretions involving other men and in particular one boy, age fifteen, to such an extent that the boy's mother complained to appellee. Further appellee at one time was

on dope until her mother had her committed to an institution.

The record shows that appellant, the father of the child, is steadily employed and that if awarded custody he would keep the child at his mother's and father's home. The only testimony touching upon appellant's character was that on one or two occasions he slapped or hit the appellee and that early one morning he attempted to kick a front door down when he found appellee and another man in their jointly purchased house under circumstances from which one could surmise that the man had spent the night.

Appellant's mother testified that her home consisted of two bedrooms upstairs, two bedrooms downstairs and a living room and kitchen. Living at her home were her husband, her son Charles and his three children and appellant. When Marshall Wayne spent the night with her, he slept with appellant. Her son Charles was divorced from his wife and she was helping him with his children.

It was pointed out in *Rayburn* v. *Rayburn*, 231 Ark. 745, 332 S. W. 2d 230 (1960), that a natural parent's right to custody of a child is paramount to all others unless the parent is proved to be incompetent or unfit. Here, we can find nothing in the record to show that the father is either incompetent or unfit. On the contrary the record demonstrates the appellant to be a steadily employed man who has attempted on numerous occasions and under some rather trying circumstances to maintain a home for himself and the child.

The appellee, to sustain the award of custody to her mother, argues that the appellant's proposed arrangements for keeping the child at his mother's home were inadequate because of the number of people living there. Appellee's assertion in this respect is not supported by the record.

For the reasons stated, the award of custody is re-

versed with directions to award custody to the appellant, subject to the appellee's reasonable visitation rights.

Reversed and remanded.